OPINION OF THE COURT
Irving A. Green, J.
This is an article 78 proceeding to set aside the respondent’s decision after a superintendent’s proceeding, and to compel respondents to expunge from petitioner’s institutional files all *518 disciplinary records pertaining to that proceeding; and to restore petitioner to the status he enjoyed prior to the commencement of said hearing.
The petition is granted, the determination annulled and the respondents are directed to expunge from petitioner’s institutional record all reference to the superintendent’s proceeding.
The petitioner, an inmate at Green Haven Correctional Facility located in Stormville, New York, was charged with refusing a direct order, assault, violent conduct, disturbing order of facility and interference. Petitioner denied the charges. After the incident, petitioner was taken to and confined in the special housing unit status (SHU).
Petitioner was found guilty of all said charges and punishment of confinement to SHU for a period of two years (reduced on administrative appeal to 180 days), and 100 days’ loss of good time (reduced on administrative appeal to 90 days’ loss of good time).
Petitioner instituted this proceeding alleging constitutional and regulatory violations were committed during the superintendent’s proceeding, in that respondents violated the Department of Correctional Services regulations governing the duties of the employee assistant assigned to petitioner in his defense of the charges lodged against him, as well as the denial to petitioner of due process of law.
The petitioner, by virtue of his status in confinement of the SHU, became entitled to an inmate assistant (7 NYCRR 251-4.1 [c]).
The duty of the inmate assistant, inter alia, is clearly mandated, at section 251-4.2, as the role to speak with the inmate charged, to explain the charges to the inmate, interview witness and to report the results of his efforts to the inmate.
The requirement that the inmate assistant report the results of his efforts to the inmate is necessary if the inmate is to have a meaningful and effective participation in the preparation and presentation of his defense against the charges lodged against him. The regulation requiring that an inmate be provided with an assistant under such circumstances is essential for the reasonable ability of the inmate to cause and guide an appropriate investigation to obtain witnesses or other relevant proof in defense of the charges lodged against him. Knowledge of the results of such investigative efforts is essential in order for the inmate to be afforded the procedural protections mandated by the regulations. The court views the *519 need for a meaningful discharge of his role by the inmate’s assistant, in compliance with the mandate of the regulations, to be inexplicably interwoven in that modicum of due process to which an inmate is entitled in disciplinary proceedings brought against him; and which may significantly affect his confinement privileges and liberty. (Wilkinson v Skinner, 34 NY2d 53; Wolff v McDonnell, 418 US 539.)
It was not disputed upon the hearing that in this case the inmate assistant provided the petitioner failed to comply with the regulations’ requirement that he report to the petitioner the results of his efforts. This resulted in the petitioner being required to proceed with the superintendent’s proceeding without any meaningful or effective ability to properly and adequately assemble and present proof in his defense of the charges.
The petitioner made timely objection, during the proceeding, and prior to its conclusion, that his assistant had failed to report to him the results of his investigations and whether any witnesses were good or bad with respect to the petitioner’s defenses against the charges. The hearing officer stated his position to be that, to his knowledge, the assistant does not have to report to the inmate; that such reports are not part of the procedure. The transcript reads, in relevant part, the opinion of the hearing officer in overruling such objection: "We’d have most of these counselors just running back and forth to inmates all day”.
The court finds that respondents violated 7 NYCRR 251-4.2 in that petitioner did not receive adequate employee assistance in preparation for the superintendent’s proceeding. This court finds the petitioner was deprived of meaningful and effective assistance by the employee assistant in the preparation, presentation and defense of the charges lodged against him, in that he was not informed of the results of the assistant’s investigation and interviews with witnesses, if any, nor the results of petitioner’s request to the assistant to investigate the inmates in the cell block who may have been witnesses to the occurrence. The failure of the inmate assistant to discharge his role in accordance with the explicit requirements of the regulation and the failure of the hearing officer to enforce the provisions of such regulation after it was effectively brought to his timely attention by the petitioner flawed the superintendent’s proceeding and compels its annulment.